# EXHIBIT D

**MICHAEL A. ARMSTRONG & ASSOCIATES, LLC**
79 Mainbridge Lane
Willingboro, New Jersey 08046
(609) 877-5511
Morrison Kent Fairbairn, Esquire.
Attorney ID No.: 45402011
Attorney for Plaintiff, City of Newark

| | |
|---|---|
| _____ : | SUPERIOR COURT OF NEW JERSEY |
| CITY OF NEWARK, : | LAW DIVISION: ESSEX COUNTY |
| : | |
| Plaintiff, : | Docket No. |
| : | |
| v. : | CIVIL ACTION |
| : | |
| GEO RE-ENTRY GROUP, LLC; ABC : | |
| CORPS. (A FICTICIOUS COMPANY) 1- : | **VERIFIED COMPLAINT IN SUPPORT** |
| 100, : | **OF ORDER TO SHOW CAUSE** |
| : | |
| Defendant(s). : | |
| _____ : | |

Plaintiff, the City of Newark, through its undersigned counsel by way of Complaint against Defendants, says:

<u>**PARTIES**</u>

1.    Plaintiff, City of Newark (hereinafter "the City"), is a municipality organized pursuant to Title 40 of the New Jersey Statutes, with municipal offices located at 920 Broad Street, Newark, Newark, New Jersey.

2.    Defendants, GEO RE-ENTRY GROUP, LLC are the owners of record of a property and commercial building located at 451 Doremus Ave, Newark, New Jersey 07105, known as Delaney Hall.

## FACTUAL BACKGROUND

3.    Prior to March 2025, the aforementioned building was virtually vacant.

4.    Media outlets reported that Defendants intended to invest $38 million to renovate the existing facilities.

5.    Reporting from media outlets and observation of the property revealed that the property was being leased to new tenants.

6.    A Certificate of Continued Occupancy is warranted if there is a change in tenants or ownership.

7.    No Certificate of Continued Occupancy was sought or issued as a result of the recent change in tenants at the property.

8.    Defendants have not filed any construction permits with the City.

9.    On March 28, 2025, City Officials observed a parking lot full of vehicles.

10.    On March 31, 2025, City Officials appeared at the aforementioned property owned by Defendants for the purpose of conducting inspections.

11.    City Officials were stopped by security at the outside guarded entrance area and explained to the security guard the reason for their presence on Defendants' property.

12.    After waiting for several minutes, City Officials were approached by the Assistant Facility Director for Defendants'

building and again explained that they were there to conduct crucial life safety inspections.

13. The Director of Delaney Hall was also contacted and informed of the need for the inspections.

14. Specifically, Defendants were informed that there were life safety concerns as final inspections have not taken place for the fire alarm and elevator functionality.

15. Defendants were further informed that the City's building construction officials have not received any notification of what type of occupancy is anticipated to determine if the building use group needs to be updated.

16. Despite being made aware of these concerns and violations, Defendants refused to permit the City and State UCC Officials to enter the building for the inspection.

17. During the visit, although not permitted to inspect the interior of the building, City Officials observed that there has been electrical work performed to the annex structure on the parking lot.

18. Electrical work without a permit creates a serious risk of fire or electrocution.

19. It was also observed that there has been plumbing work performed to the annex structure on the parking lot.

20. Plumbing work without a permit creates a serious health risk as off gassing and faulty exhausts may not be built to code.

3

21.   Defendants' Directors informed the City Officials that the building is presently being used as a training facility.

22.   The elevators in the building have not officially been certified or passed any inspection by the UCC or the Fire Department.

23.   Not having certified and properly working elevators is a life safety hazard for every occupant in the building.

24.   Defendants denied the City's Fire Official access to test the elevator recall.

**COUNT I**

**FAILURE TO PERMIT ENTRY FOR INSPECTION**

25.   The City of Newark incorporates all of the foregoing paragraphs as though fully set forth at length herein.

26.   City has a statutory and municipal obligation to protect the health and safety of civilians within the City.

27.   The loss or injury to life that could result is irreparable.

28.   Without being permitted to inspect Defendants' building, City Officials cannot determine if the building is in fact fit for occupation.

29.   Without the proper inspections, the City has no way to certify that all building systems which have not been utilized to regular capacity are functional.

4

30.   HVAC, electrical, plumbing, and stair pressure systems have not been utilized in the building for years at a time.

31.   The City will suffer greater harm if not permitted to inspect the property than Defendants will suffer if delayed in their use of the building pending inspection and compliance.

32.   For the reasons set forth in detail above, the City has turned to the Court for an order requiring Defendants to permit City officials to inspect the building immediately.

**WHEREFORE,** Plaintiff, City of Newark, demands judgment against Defendants.  The City requests an Order Permitting Entry and that no occupancy be permitted pending inspection and compliance with local, State, and administrative codes.

<u>**COUNT II**</u>

<u>**VIOLATION OF CITY CODE**</u>

33.   The City of Newark incorporates all of the foregoing paragraphs as though fully set forth at length herein.

34.   There is no documentation nor certification that work being done on Defendants' property is being done according to Code.

35.   Defendants are permitting the building to be occupied in violation of the City's Building Code and the UCC.

36.   Defendants are putting occupants at risk by irresponsible construction practices including exposed wires, sub-standard electrical, and plumbing work not up to Code standards.

5

37.   Occupant Defendants' refusal to leave the premises exposes the City to potential liability for injury and death due to the occupants' wanton and unlawful occupation of the premises.

38.   As a direct and proximate result of Defendants' failure to vacate, the City has incurred costs related to the removal of the occupants and will incur additional costs to complete the forcible removal of the occupants from the subject property.

**WHEREFORE**, Plaintiff, City of Newark, demands judgment against Defendants.   The City requests an Order directing Defendants to cease all construction and comply with all relevant fire, health and safety regulations, as well as an award of and any other damages this Court may deem appropriate including attorney's fees, court costs.

### COUNT III

### FAILURE TO PERMIT ENTRY FOR INSPECTION

39.   The City of Newark incorporates all of the foregoing paragraphs as though fully set forth at length herein.

40.   City has a statutory and municipal obligation to protect the health and safety of civilians within the City.

41.   Without being permitted to inspect ABC Corps.' building, City Officials cannot determine if the building is in fact fit for occupation.

42.     Without the proper inspections, the City has no way to certify that all building systems which have not been utilized to regular capacity are functional.

43.     HVAC, electrical, plumbing, and stair pressure systems have not been utilized in the building for years at a time.

44.     For the reasons set forth in detail above, the City has turned to the Court for an order requiring ABC Corps. to permit City officials to inspect the building.

**WHEREFORE,** Plaintiff, City of Newark, demands judgment against ABC Corps. Defendants for an Order Permitting Entry.

<u>**COUNT IV**</u>

<u>**VIOLATION OF CITY CODE**</u>

45.  The City of Newark incorporates all of the foregoing paragraphs as though fully set forth at length herein.

46.  There is no documentation nor certification that work being done on ABC Corps.' property is being done according to Code.

47.  ABC Corps.' are permitting the building to be occupied in violation of the City's Building Code and the UCC.

48.  ABC Corps.' are putting occupants at risk by irresponsible construction practices including exposed wires, sub-standard electrical or plumbing work, and building space subdivisions not allowed by code standards.

**WHEREFORE,** Plaintiff, City of Newark, demands judgment against ABC Corps. Defendants.  The City requests an Order

directing Defendants to comply with all relevant fire, health and safety regulations, and an award of and any other damages this Court deems appropriate including attorney's fees and court costs.

> **MICHAEL A. ARMSTRONG & ASSOCIATES, LLC**
> Attorneys for Plaintiffs
>
> By: __/s/ Morrison Kent Fairbairn__

Dated: March 31, 2025          Morrison Kent Fairbairn, Esquire

### DESIGNATION OF TRIAL COUNSEL

Morrison Kent Fairbairn, Esq. is designated as trial counsel in this matter.

### CERTIFICATION PURSUANT TO R. 4:5-1

I certify that the matters in controversy in this action are not the subject of any other action pending in any other court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated. I recognize my continuing obligation to file and serve on all parties and the Court any amended certification, if there is a change in the facts stated in the original certification.

> **MICHAEL A. ARMSTRONG & ASSOCIATES, LLC**
> Attorneys for Plaintiff
>
> By: __/s/ Morrison Kent Fairbairn__

Dated: March 31, 2025          Morrison Kent Fairbairn, Esquire

**<u>VERIFICATION</u>**

1.   I am Director of the Department of Engineering, for the City of Newark, State of New Jersey, for the within action.

2.   I have read the Complaint and certify that the allegations contained in the Complaint are true to the best of my knowledge.

3.   I hereby certify that the foregoing statements made by me are true. I am aware that if any of the statements made herein by me are willfully false, I am subject to punishment.


Dated: <u>March 31, 2025</u>          ***<u>s/Dolores Martinez Wooden</u>***
                                        Dolores Martinez Wooden
                                        City of Newark
                                        Director, Dept. of Engineering

9

**MICHAEL A. ARMSTRONG & ASSOCIATES, LLC**
79 Mainbridge Lane
Willingboro, New Jersey 08046
(609) 877-5511
Morrison Kent Fairbairn, Esquire
Attorney ID No.: 45402011
Attorney for Plaintiff, City of Newark

| | | |
|---|---|---|
| _____ | : | SUPERIOR COURT OF NEW JERSEY |
| CITY OF NEWARK, | : | LAW DIVISION: ESSEX COUNTY |
| | : | |
| Plaintiff, | : | Docket No. ESX-L- |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| GEO RE-ENTRY GROUP, LLC; ABC CORP | : | **ORDER TO SHOW CAUSE** |
| (A FICTITIOUS COMPANY) 1-100, | : | **FOR TEMPORARY RESTRAINTS** |
| | : | **FOR INJUNCTIVE RELIEF TO** |
| | : | **CEASE** |
| Defendant(s). | : | **OCCUPANCY,CONSTRUCTION,AN** |
| _____ | : | **D PERMIT ENTRY FOR** |
| | | **INSPECTION** |

      **THIS MATTER,** having been brought before the Court by Morrison Kent Fairbairn, Esquire, of Michael A. Armstrong & Associates, LLC, attorney for Plaintiff, City of Newark ("Plaintiff"), seeking relief by way of summary action based upon the facts set forth in the Verified Complaint filed herewith and the Court having determined that this matter may be commenced by Order to Show Cause proceeding pursuant to R. 4:52-1 and for good cause shown;

      **IT IS** on this _____ day of _____ 2025,

**ORDERED** that the Defendant(s) is hereby enjoined from and shall cease occupancy and construction, at the property known as Delaney Hall, located at 451 Doremus Avenue, in the City of Newark, New Jersey, pending

inspections of the premises by the City of Newark, in compliance with state and local laws.

**IT IS FURTHER ORDERED** that Defendants shall appear and show cause before the undersigned Judge on the _____ day of _____, 2025, before the Superior Court at Newark, New Jersey at _____ a.m. or as soon thereafter as the parties can be heard, why judgment should not be entered and ordered that:

A. The Defendant(s) is hereby enjoined from and shall cease occupancy and construction, at the property known as Delaney Hall, located at 451 Doremus Avenue, in the City of Newark, New Jersey, pending inspections of the premises by the City of Newark, in compliance with state and local laws.

B. Prohibiting Defendant from engaging in, continuing to engage in, or doing any acts or practices in violation of any City Ordinances, the property maintenance codes, uniform construction codes, fire codes, health and safety codes, including but not limited to the acts and practices alleged in the Verified Complaint;

C. Defendant shall make the Property immediately available for further inspection and code enforcement.

D.  Awarding damages to Plaintiff;

E.  For Attorney Fees and costs; and/or

F.  Granting such other relief as the Court deems equitable and just.

**IT IS FURTHER ORDERED THAT:**

1. A copy of this Order to Show Cause with Temporary Restraints, the Verified Complaint, and all supporting affidavits or certifications submitted in support of this application be served by Plaintiff upon Defendant(s) personally within <u>3</u> days of the date hereof; or if such service cannot be personally made, Plaintiff shall either serve Defendant(s) by regular and certified mail or by regular mail upon Defendant's attorney, within <u>3</u> days of the date hereof.

2. Plaintiff must file with the Court their proof of service of these pleadings upon Defendant(s) no later than <u>10</u> days before the scheduling hearing or return date scheduled by this Court.

3. Defendant(s) may file and serve Plaintiff with an answering affidavit or motion returnable on the hearing date scheduled by this court and shall appear in response to this Order to Show Cause with Temporary Restraints.

4. Defendant(s) shall have leave to move for the dissolution or modification of the Temporary Restraints pursuant to R.4:52-1(a).

5. Any documents filed by Defendant(s) must be filed with the Court in the county listed above and a copy must be sent to Plaintiff's attorney named above.  A telephone call will not protect Defendant's rights, Defendant(s) must appear in Court at the designated date and time scheduled by this Court.

6. Defendant(s) take notice that Plaintiff has filed a lawsuit against you in the Superior Court of New Jersey.  The Verified Complaint attached to

this Order to Show Cause with Temporary Restraints states the basis of the lawsuit and relief sought.  If you dispute this Complaint then you may submit, before the scheduled hearing date to this Order to Show Cause, and answering affidavit or motion returnable on the hearing date and proof of its service.  You must also appear on the hearing date set forth above to answer this Complaint.

**7.** If you wish to hire an attorney and cannot afford one, you may call the Legal Services offices in the county in which you live or the Legal Services of New Jersey Statewide hotline at 1-888-LSNJLAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Case Management Office in the county listed above and online at njcourts.gov.

**8.** That service of this Order shall be deemed effectuated upon all parties upon its upload to eCourts. Pursuant to R. 1:5-1(a), movant shall serve a copy of this Order on all parties not served electronically within seven days of the date of this Order.

_____
                                                    J.S.C.

_____Opposed

_____Unopposed

**4**

**5**

**MICHAEL A. ARMSTRONG & ASSOCIATES, LLC**
79 Mainbridge Lane
Willingboro, New Jersey 08046
(609) 877-5511
Morrison Kent Fairbairn, Esquire
Attorney ID No.: 45402011
Attorney for Plaintiff, City of Newark

| | |
|---|---|
| CITY OF NEWARK, | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION: ESSEX COUNTY |
| | : |
| Plaintiff, | : Docket No. ESX-L- |
| | : |
| v. | : CIVIL ACTION |
| | : |
| GEO RE-ENTRY GROUP, LLC; ABC CORP | : |
| (A FICTITIOUS COMPANY) 1-100, | : **ORDER TO CEASE OCCUPANCY** |
| | : **AND PERMIT ENTRY FOR** |
| Defendant(s). | : **INSPECTION** |
| | : |

**THIS MATTER,** having been brought before the Court by Morrison Kent Fairbairn, Esquire, of Michael A. Armstrong & Associates, LLC, attorney for Plaintiff, City of Newark ("Plaintiff"), seeking relief by way of summary action based upon the facts set forth in the Verified Complaint filed herewith and the Court having determined that this matter may be commenced by Order to Show Cause as a summary proceeding pursuant to R.4:52-1 et seq., and for good cause shown;

**IT IS** on this _____ day of _____ 2025,

**ORDERED** that:

A.    Delaney Hall, owned by Defendant(s), located at 451 Doremus Avenue, in the City of Newark, New Jersey, shall cease occupancy and

construction, pending inspections of the premises by the City of Newark, in compliance with state and local law.

B.   Prohibiting Defendant from engaging in, continuing to engage in, or doing any acts or practices in violation of any City Ordinances, the property maintenance codes, uniform construction codes, fire codes, health and safety codes, including but not limited to the acts and practices alleged in the Verified Complaint;

C. Defendant shall make the Property immediately available for further inspection and code enforcement.

D.  Awarding damages to Plaintiff;

E.  For Attorney Fees and costs; and/or

F.  Granting such other relief as the Court deems equitable and just.

_____
J.S.C.

_____Opposed

_____Unopposed

**MICHAEL A. ARMSTRONG & ASSOCIATES, LLC**

79 Mainbridge Lane

Willingboro, New Jersey 08046

(609) 877-5511

Morrison Kent Fairbairn, Esquire.

Attorney ID No.: 45402011

Attorney for Plaintiff, City of Newark

| | | |
|---|---|---|
| CITY OF NEWARK, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION: ESSEX COUNTY |
| | : | |
| Plaintiff, | : | Docket No. |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| GEO RE-ENTRY GROUP, LLC; ABC CORP (A | : | |
| FICTICIOUS COMPANY) 1-100, | : | **AFFIDAVIT OF** |
| | : | **DOLORES MARTINEZ WOODEN** |
| Defendant(s). | : | |
| | : | |

I, Dolores Martinez Wooden, of full age, hereby certify and say:

1. I am the Director of the Department of Engineering, for the City of Newark, State of New Jersey, and I make this Affidavit in my official capacity based on my personal knowledge and review of official records.

2. Based on media accounts and personal observations, I was informed that the property known as Delaney Hall, located at 451 Doremus Avenue, Newark, New Jersey (hereinafter "the property") was being occupied by new tenants and undergoing construction.

3. Based on the City of Newark's (hereinafter "the City") records, no Certificate of Continued Occupy (CCO) was requested by the owner.

4. A CCO is a document that verifies a property meets all the applicable codes and regulations for continued occupancy by a new tenant, including those related to health, safety, and fire prevention.

5. A CCO must be obtained by the property owner from the Uniform Construction Code Office City before the rental of a commercial structure and prior to a new tenant moving in.

6. N.J.A.C. 5:23-2.14 requires electrical permits to be obtained before electrical work can be performed.

7. During our inspection, we determined that electrical work was performed at the property without a permit.

8. N.J.A.C. 5:23-2.14 requires that plumbing permits be obtained from the City before work can be performed.

9. During our inspection, we determined that plumbing work was performed at the property without a permit.

10. Elevators must be certified on a regular basis per the Fire Code.

11. The elevators at the property have not been certified to exhibit proper functionality in the case of emergency/fire recall event in 2025 or prior to allow occupancy of new tenant.

12. As a result, on Monday, March 31, 2025, I, along with the Chief Municipal Code Enforcement Officer, Assistant Construction Code Official and Permit Coordinating Officer attempted to inspect the property in relation to occupying the property without a CCO, elevator recall testing, to confirm whether undocumented construction work has been performed in the interior as it has on the exterior of the facility, the need for electrical, building and plumbing inspections.

13. The owner's representative denied us entry.

14. While at the property, we observed what appeared to be new construction of an annex to the existing building and code violations related to electrical wiring and plumbing.

15. Based on my training and experience, the lack of an inspection presents an immediate and significant risk to life safety, including fire hazards due to improper electrical wiring, risk of electrocution due to unpermitted electrical work, insufficient plumbing which may yield to low water pressure and environmental issues due to improper disposal of wastewater and solid waste, inability to conduct an elevator recall in case of fire placing occupants at risk of injury during evacuation procedures, just to name a few hazards to the safety of the occupants.

16. Given the immediate potential danger to the public, I respectfully request that the Court grant an Order requiring Defendants to provide the access to provide for inspection and comply with all relevant fire, health, and life safety regulations.

I certify that the foregoing statements made by me are true. I understand that if any statements are willfully false, I am subject to punishment.

**_/s/Dolores Martinez Wooden_**                Dated: March 31, 2025

Dolores Martinez Wooden

**MICHAEL A. ARMSTRONG & ASSOCIATES, LLC**
79 Mainbridge Lane
Willingboro, New Jersey 08046
(609) 877-5511
Morrison Kent Fairbairn, Esquire.
Attorney ID No.: 45402011
Attorney for Plaintiff, City of Newark

| | |
|---|---|
| _____ : | SUPERIOR COURT OF NEW JERSEY |
| CITY OF NEWARK, : | LAW DIVISION: ESSEX COUNTY |
| : | |
| Plaintiff, : | Docket No. |
| : | |
| v. : | CIVIL ACTION |
| : | |
| GEO RE-ENTRY GROUP, LLC; ABC : | |
| CORPS. (A FICTICIOUS COMPANY) 1- : | **BRIEF IN SUPPORT OF ORDER TO** |
| 100, : | **SHOW CAUSE** |
| : | |
| Defendant(s). : | |
| _____ : | |

## PRELIMINARY STATEMENT

The City has issued numerous citations and summonses related to the hazardous conditions of the Property. However, 130 Chancellor Newark LLC has failed to adequately remedy the conditions at the Property and blatantly continues to violate City ordinances and regulations, thereby requiring intervention. The continued failure to follow the law and maintain the Property is well-documented and indisputable.

As such, Plaintiff specifically requests that the Court grant certain temporary restraints and interim relief, including but not limited to a declaration that the Property is a public nuisance

and hazardous to the public, complete compliance with the October 20, 2023 December 14, 2023 Order, and the March 26, 2024 Order City of Newark Notice of Violation and Order to Terminate, and an Order granting the City entry into specific units to assess the alleged illegal conversions. The City also seeks certain damages, costs and attorneys' fees as a result of the hazardous conditions of the Property and the repeated and continued failure of 130 Chancellor Newark LLC to abide by Newark's code regulations and to remedy numerous code violations.

## STATEMENT OF FACTS

The City refers to the facts pled in the Verified Complaint and supported in the attached affidavit.

## LEGAL ARGUMENT

### THE CITY IS ENTITLED TO INJUNCTIVE RELIEF

Injunctive relief is appropriate to prevent "threatening irreparable mischief." Crowe v. De Gioia, 90 N.J. 126, 132 (1982). In deciding whether to grant a temporary injunction, a party must demonstrate that:

**(1) relief is needed to prevent irreparable harm; (2) the applicant's claim rests on settled law and has a reasonable probability of succeeding on the merits; and (3) balancing the "relative hardships to the parties reveals that greater harm would occur if a stay is not granted than if it were."**

[Garden State Equal. v. Dow, 216 N.J. 314, 321 (2013) (citation omitted).]

"[A party seeking an injunction] has the burden to prove each of the Crowe factors by clear and convincing evidence." Ibid. "When a case presents an issue of 'significant public importance,' a court must consider the public interest in addition to the traditional Crowe factors." Ibid.

It is generally understood that all the Crowe factors must weigh in favor of injunctive relief, however, a court may take a less rigid view than it would after a final hearing when the interlocutory injunction is merely designed to preserve the status quo. Waste Mgmt. of New Jersey, Inc. v. Union Cty. Utilities Auth., 399 N.J. Super. 508, 520-21 (App. Div. 2008). By the same token, "[I]n some cases, such as when the public interest is greatly affected, a court may withhold relief despite a substantial showing of irreparable injury to the applicant." Ibid.

## I. The City is Likely to Succeed on the Merits of Their Claim

The crux of the City's claim in the Complaint is that Defendants continue to blatantly violate the law by failing to comply with local and State codes designed to preserve the safety of all individuals on their property. Without being permitted to conduct an inspection, this property may constitute a hazard and a nuisance for the adjacent and surrounding property owners and the public traveling through and residing in the area. The

exterior of the property that was observed has already be found to be hazardous with exposed wires and improper plumbing.

A determination on a preliminary injunction application "involves a prediction of the probable outcome of the case based on each party's initial proof, usually limited to documents. The court is not deciding which party ultimately wins or loses, but rather whether the applicant has made a preliminary showing of a reasonable probability of success on the merits." Brown v. City of Paterson, 424 N.J. Super. 176, 182-83 (App. Div. 2012). Here, the City satisfies that requirement.

The City has established that Defendants have failed to comply with the Fire Code and other provisions designed to protect the numerous individuals presently occupying the once vacant property. The property poses a threat to the public and grave risk of serious injuries or death. It cannot be disputed that Defendants are unlawfully occupying the building and are legally required to grant access to City Officials to perform inspections.

II.   **The City and the members of the community will Suffer Irreparable Harm if the Restraints Are Not Entered**

Harm is considered "irreparable" in equity if it cannot be redressed adequately by money damages. <u>Crowe</u>, 90 <u>N.J.</u> 126, 132-33. Here, the dangerous conditions created by Defendant's complete failure to abide by the City's regulations and to permit inspections to ensure compliance with regulations have created hazardous conditions for the citizens of Newark and the general public. The misuse of the Property has the potential to greatly affect the safety of the residents and their ability to enjoy their community. Moreover, it poses an egregious and grave risk of serious bodily function or even death to anyone who enters the building and to the general public.

Here, without injunctive relief, Defendants have shown that they will continue to violate the law since they were alerted to the need to inspect the property and simply refused to allow access to the property. Moreover, the residents of Newark will be deprived of their safety and the right to live in an area free from hazardous conditions created and maintained by corporations and private property owners. The City maintains an interest in protecting its citizens. Rather, an injunction is appropriate requiring Defendant to immediately initiate the process to abate the danger.

### III.   The Balance of Hardships Weighs in the City's Favor

There are no reasonable and legitimate hardships that Defendants may claim should the Court grant the requested temporary and preliminary relief.  The only "hardship" that Defendants could possibly identify is that they would not be able to proceed with their complete disregard of the City's regulations that have resulted in the emergent jeopardy of the safety of the public.  See J.H. Renarde, Inc. v. Simms, 312 N.J. Super. 195, 2015 (N.J. Ch. 1998) (holding that "self-inflicted hardship should not be considered, or, at best, should be given very little weight in determining whether the injunction should issue.") (internal citations omitted).

The residents in the area and the general public will suffer serious, irreparable harm, as detailed above, should Defendants be permitted to continue to jeopardize the occupants and to perpetuate the dangerous conditions that they must suffer through.  Thus, the City's taxpayers will suffer greater harm if the City is not permitted to inspect the property than Defendants will suffer if delayed in their use of the building pending inspection and compliance.  As such, a balance of hardships weighs in favor of the issuance of a preliminary injunction.

**IV.   The Public Interest Favors the Requested Relief**

Finally, it cannot be disputed that the public interest would be served by protecting the occupants and citizens of the area from Defendants' continued malfeasance.

<u>**CONCLUSION**</u>

For the reasons above, the Court should enter the temporary and preliminary relief sought to protect Plaintiff from suffering further irreparable injury.

**MICHAEL A. ARMSTRONG & ASSOCIATES, LLC**

DATED: March 31, 2025          By: _*/s/ Morrison Kent Fairbairn*_
                                    Morrison Kent Fairbairn, Esquire
                                    Attorney for Plaintiff
                                    City of Newark

**MICHAEL A. ARMSTRONG & ASSOCIATES, LLC**
79 Mainbridge Lane
Willingboro, New Jersey 08046
(609) 877-5511
Morrison Kent Fairbairn, Esquire
Attorney ID No.: 45402011
Attorney for Plaintiff, City of Newark

| | |
|---|---|
| _____ : | SUPERIOR COURT OF NEW JERSEY |
| CITY OF NEWARK, : | LAW DIVISION: ESSEX COUNTY |
| : | |
|         Plaintiff, : | Docket No. ESX-L- |
| : | |
|     v. : |       CIVIL ACTION |
| : | |
| GEO RE-ENTRY GROUP, LLC; ABC CORP : | |
| (A FICTITIOUS COMPANY) 1-100, : | **CERTIFICATION OF SERVICE** |
| : | |
|       Defendant(s). : | |
| _____ : | |

     1.    I caused to be delivered via hand delivery to the defendant named in this lawsuit, Geo Re-Entry Group, LLC, ("Owner"), a copy of the Order to Show Cause, Verified Complaint, case information statement, supporting affidavits and any other documentation that I filed with the Court that I have used in support of this application.

     2.    In the alternative, if I was unable to personally serve the Defendant named in this lawsuit, Geo Re-entry, LLC, ("Owner"), with a copy of the Order to Show Cause, Verified Complaint, case information statement, and supporting affidavits and any other documentation that I filed with the

Court that I used in support of this application, I hereby certify that I caused to be mailed a copy to the Defendant, by regular and certified mail, return receipt requested, and I have saved my return receipt green card.

3.      In addition, I mailed or personally served a copy of the Order to Show Cause, Verified Complaint, case information statement, supporting affidavits and any other documentation that was filed with the Court and which was used in support of this application to "Owner's" local agent, at 833 Bear Tavern Road, Ewing, New Jersey 08628.

4.    I hereby certify that the foregoing statements by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I may be subject to punishment.


**MICHAEL A. ARMSTRONG & ASSOCIATES, LLC**
Attorneys for Plaintiff


By: ___*/s/Morrison Kent Fairbairn*_____

Dated: April 1, 2025          Morrison Kent Fairbairn, Esquire
                              Attorney for Plaintiff
                              City of Newark

2

# Civil Case Information Statement

| **Case Details: ESSEX \| Civil Part Docket# L-002510-25** |
|---|

**Case Caption:** CITY OF NEWARK   VS GEO RE-ENTRY GROUP,  LLC

**Case Initiation Date:** 04/01/2025

**Attorney Name:** MORRISON KENT FAIRBAIRN

**Firm Name:** MICHAEL A. ARMSTRONG & ASSOCIATES LLC

**Address:** 79 MAINBRIDGE LN

WILLINGBORO NJ 08046

**Phone:** 6098775511

**Name of Party:** PLAINTIFF : City of Newark

**Name of Defendant's Primary Insurance Company**

(if known): None

**Case Type:** SUMMARY ACTION

**Document Type:** Verified Complaint

**Jury Demand:** NONE

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: City of Newark? NO**

| **THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE** |
|---|

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/01/2025
Dated

/s/ MORRISON KENT FAIRBAIRN
Signed

# MICHAEL A. ARMSTRONG & ASSOCIATES, LLC

79 Mainbridge Lane
Willingboro, New Jersey 08046
(609) 877-5511
Morrison Kent Fairbairn, Esquire
Attorney ID No.: 45402011
Attorney for Plaintiff, City of Newark

_____

| | |
|---|---|
| CITY OF NEWARK, | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION: ESSEX COUNTY |
| | : |
| Plaintiff, | : Docket No. ESX-L- |
| | : |
| v. | : CIVIL ACTION |
| | : |
| GEO RE-ENTRY GROUP, LLC; ABC CORP (A | : **AFFIDAVIT OF DIRECTOR KETLEN** |
| FICTITIOUS COMPANY) 1-100, | : **ALSBROOK IN SUPPORT OF ORDER TO** |
| | : **SHOW CAUSE AND VERIFIED** |
| Defendant(s). | : **COMPLAINT** |
| | : |

_____

I, Ketlen Alsbrook, of full age, being duly sworn, according to law, hereby certify and say:

1. I am the Director of the City of Newark Department of Health and Community Wellness in the State of New Jersey.

2. I make this Certification in support of the City of Newark's Order to Show Cause and Verified Complaint in this matter.

3. Today, March 31, 2025, I arrived at the Delaney Hall Detention Facility, located at 451 Doremus Avenue, Newark, New Jersey 017105, around 9:25 a.m. with Marsha McGowan, a Health Officer of the City of Newark Department of Health and Community Wellness.

4. Upon arrival, we tried to gain entry into the facility but were denied entry by security and the Assistant Warden Luis Soto.

5. We observed and/or suspect various violations and hazards that are of grave concern.

6. The staff failed to allow the Fire Department to conduct an elevator recall test, which presents an immediate danger to occupants in the event of a fire. (See NJ Uniform Fire Code, <u>N.J.A.C</u>. 5:70).

7. The facility had contractors perform electrical work without a permit, which creates a serious risk of fire or electrocution. (See <u>N.J.A.C</u>. 5:23-2.14, requiring permits before electrical work).

8. The facility was operating without a Certificate of Occupancy (CO). It appears that training is being conducted in an unapproved space, which is a potential violation of local zoning and construction codes.

9. I have good reasons to believe from the media's account of what is described to be at the facility and my observations and communications with the owner's representative during our visit today that the facility is being constructed to house long-term detainees, which will require the provision of food. Serving food without an appropriate health inspection in violation of state and municipal health codes, creates a risk of contamination and public health hazards.

10. The New Jersey Department of Health (NJDOH) and local health authorities inspect retail food establishments as often as deemed necessary, with a focus on food safety and compliance with N.J.A.C. 8:24 and can issue unsatisfactory ratings for establishments with violations that pose an imminent health hazard.

11. The local health authority must inspect every retail food establishment as often as it deems necessary, with a minimum of one unannounced complete inspection per year.

12. Inspections can also be conducted as part of foodborne illness investigations.

13. It is important that the Health Department inspects food establishments to prevent food borne illnesses that are detrimental to the health of the public such as:

    a. Salmonella: causes gastrointestinal symptoms such as diarrhea, nausea and vomiting;
    b. Escherichia coli (E.col);
    c. Can cause severe gastrointestinal illness, including bloody diarrhea and kidney failure; and
    d. Clostridium Botulinum: Produces a toxin that can cause paralysis.

14. The purpose of inspections of food establishments is to safeguard the public health by ensuring food safety and preventing foodborne illnesses, focusing on practices like proper food handing, temperature control, and sanitation, as outlined in the New Jersey Sanitary Code.

15. Therefore, the denial of entry into the facility poses a potential risks to safety and an immediate danger to employees, detainees, and visitors.

16. In addition to the above, it is critical for the Health Department to review the facility's Infection Control policies to ensure appropriate measures are in place to prevent the spread of communicable diseases.

I certify that the foregoing statements made by me are true. I understand that if any statements are willfully false, I am subject to punishment.

_____*s/ Ketlen Alsbrook*_____
Ketlen Alsbrook
Director
City of Newark Department of Health

Dated: March 31, 20125

2

# MICHAEL A. ARMSTRONG & ASSOCIATES, LLC

### Counselors at Law
#### 79 MAINBRIDGE LANE
#### WILLINGBORO, NEW JERSEY 08046

MICHAEL A. ARMSTRONG+
Email: maa@armstronglawfirm.com

CRISTAL M. HOLMES-BOWIE
Email: chb@armstronglawfirm.com

BARBARA ANN JOHNSON-STOKES
Email: bjs@armstronglawfirm.com

MORRISON KENT FAIRBAIRN+
Email: mkf@armstronglawfirm.com

EVAN A. ARMSTRONG
Email: eaa@armstronglawfirm.com

TELEPHONE:   (609) 877-5511
FACSIMILE:   (609) 877-7755

+MEMBER NJ, NY & GA BARS

+MEMBER NJ & PA BARS



April 1, 2025

**VIA ELECTRONIC FILING**
Hon. Richard T. Sules, J.S.C.
Essex County Courthouse
465 Dr. Martin Luther King Blvd
Newark, New Jersey 07102

      **RE:**    **City of Newark v. Geo Re-Entry Group, LLC**
                **Docket No.: ESX-L-2510-25**

Dear Judge Sules:

    This office represents Plaintiff, the City of Newark ("the City") in the above noted matter. Enclosed herewith is the Affidavit of Director Ketlen Alsbrook in Support of the Order to Show Cause and Verified Complaint, that was inadvertently excluded from the Complaint filed earlier today.

                Respectfully submitted,

                ***/s/ Morrison Kent Fairbairn***
                Morrison Kent Fairbairn

MKF/fya
Enclosure