## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CITY OF NEWARK, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL CASE NO.:** |
| | : | 2:25-cv-2225-JKS-LDW |
| GEO RE-ENTRY GROUP, LLC; ABC CORP (A FICTITIOUS COMPANY) 1-100, | : | **DECLARATION OF DIRECTOR** |
| | : | **DOLORES MARTINEZ WOODEN** |
| Defendant(s). | : | |
| | : | |

I, Dolores Martinez Wooden, of full age, hereby certify and say:

1.      I am the Director of the Department of Engineering for the City of Newark, State of New Jersey, and I make this Affidavit in my official capacity based on my personal knowledge and review of official records.

2.      Based on media accounts and personal observations, I was informed that the property known as Delaney Hall, located at 451 Doremus Avenue, Newark, New Jersey (hereinafter "the property") was being occupied by new tenants and undergoing construction.

3.      Based on the City of Newark's (hereinafter "the City") records, no Certificate of Continued Occupy (CCO) was requested by the owner.

4.      A CCO is a document that verifies that a property meets all the applicable codes and regulations for continued occupancy by a new tenant, after the initial Certificate of Occupancy (CO) has been issued, including those related to health, safety, and fire prevention.

5.      Pursuant to N.J.A.C. 5:23-2.23, a CCO must be obtained by the property owner from the Uniform Construction Code Office of the City before the rental of a commercial structure and prior to a new tenant moving in.

6.      Elevators must be certified on a regular basis per the Fire Code.

7.      The elevators at the property have not been certified to exhibit proper functionality in the case of an emergency/fire recall event to permit occupancy by a new tenant.

8.      As a result, on Monday, March 31, 2025, I, along with the Chief Municipal Code Enforcement Officer, Assistant Construction Code Official and Permit Coordinating Officer attempted to inspect the property in relation to occupying the property without a CCO to confirm whether undocumented construction work has been performed in the interior as it has on the exterior of the facility, the need for electrical, building and plumbing inspections.

9.      While at the property, we observed what appeared to be new construction of an annex to the existing building and code violations related to electrical wiring and plumbing.

10.     N.J.A.C. 5:23-2.14 requires electrical permits to be obtained before electrical work can be performed.

11.     During our inspection, we determined that electrical work was performed at the property without a permit.

12.     N.J.A.C. 5:23-2.14 requires that plumbing permits be obtained from the City before work can be performed.

13.     During our inspection, we determined that plumbing work was performed at the property without a permit.

14.     The owner's representative denied us entry into the building.

15.     Pursuant to N.J.A.C. 5:23-2.29, N.J.A.C. 5:23-2.31, and N.J.A.C. 5:23-2.33, the City's officials are required to conduct the necessary inspections and the owner is required to provide entry to perform the inspections.

16.     Based on my training and experience, the lack of an inspection presents an immediate and significant risk to life safety, including fire hazards due to improper electrical wiring, risk of electrocution due to unpermitted electrical work, insufficient plumbing which may yield to low water pressure and environmental issues due to improper disposal of wastewater and solid waste, inability to conduct an elevator recall in case of fire placing occupants and emergency responders at risk of injury during evacuation procedures, just to name a few hazards to the safety of the occupants.

17.     Given the immediate potential danger to the public, I respectfully request that the Court grant an Order requiring Defendants to provide access to perform building and building systems inspection and comply with all relevant fire, health, and life safety regulations.

I declare under penalty of perjury that I have read the foregoing and that it is true and correct to the best of my knowledge.

Dated:   April 10, 2025

Dolores Martinez Wooden
Director of the Department of Engineering
City of Newark