# MICHAEL A. ARMSTRONG & ASSOCIATES, LLC

Counselors at Law
79 MAINBRIDGE LANE
WILLINGBORO, NEW JERSEY 08046

TELEPHONE:  (609) 877-5511
FACSIMILE:  (609) 877-7755

MICHAEL A. ARMSTRONG✛
Email: maa@armstronglawfirm.com

CRISTAL M. HOLMES-BOWIE
Email: chb@armstronglawfirm.com

BARBARA ANN JOHNSON-STOKES
Email: bjs@armstronglawfirm.com

MORRISON KENT FAIRBAIRN+
Email: mkf@armstronglawfirm.com

EVAN A. ARMSTRONG
Email: eaa@armstronglawfirm.com

✛MEMBER NJ, NY & GA BARS

+MEMBER NJ & PA BARS



April 21, 2025

**VIA ELECTRONIC COURT FILING**
Hon. Jamel K. Semper, U.S.D.J.
Frank R. Lautenberg U.S. Post Office & Courthouse
2 Federal Square
Newark, NJ 07102

> RE:  **City of Newark v. Geo Group, LLC**
> **Docket No.: 2:25-cv-2225-JKS-LDW**

Dear Judge Semper:

My office represents Plaintiff, the City of Newark ("The City"), in the above-referenced matter.  I write to provide Your Honor with the City's response to the 12(e) argument raised by Defendant, Geo Group, Inc. ("GEO") per Your Honor's text order issued on April 17, 2025.  (ECF 22).  Plaintiff relies on the facts contained within its brief in support of its Order to Show Cause, Complaint, and Declarations filed in support of the Complaint. (ECF 15).

**A.    The City's Complaint Satisfies the Requirements of Fed. R. Civ. P. 8(a)(2)**

Fed. R. Civ. P. 12(e) provides: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Pursuant to Fed. R. Civ. P. 8(a)(2), "a pleading that states a claim for relief must contain... a ***short and plain*** statement of the claim showing that the pleader is entitled to relief."  (Emphasis supplied).  Therefore, *Rule* 12(e) motions are seldomly granted and are disfavored under the liberal pleading requirements in federal court. *Underwood v. O'Reilly Auto Parts, Inc.*, 671 F. Supp. 3d 1180, 1187 (D. Nev. 2023).  Motions for a more definite statement under *Rule* 12(e) are not granted where discovery is a more appropriate method for obtaining the detail sought. *Middaugh v. InterBank*, 528 F. Supp. 3d 509, 534 (N.D. Tex. 2021).

Here, the City's Complaint clearly highlights several violations of code by Defendant.  *See* Complaint in Support of Plaintiff's Order to Show Cause. (ECF 15-6).  Paragraph seven (7) of the Complaint states that "[n]o Certificate of Continued Occupancy was sought or issued as a result of the recent change in tenants at the property." *Id.* at pg. 3, ¶ 7.  Plaintiff's Complaint notes that City Officials appeared at Delaney Hall on March 31, 2025, and while present, observed "electrical work performed to the annex structure on the parking lot" along with "plumbing work performed

to the annex structure on the parking lot" without a permit in violation of N.J.A.C. 5:23-2.14. (*Id.* at pgs. 2-3, ¶¶ 10, 17-20). Moreover, the Complaint references the elevators in the building that "have not been certified or passed any inspection by the UCC or the Fire Department" further stating that "not having certified and properly working elevators is a life safety hazard for every occupant in the building." *Id.* at pg. 4, ¶¶ 22-24. This is notwithstanding Defendants revealing during the March 31, 2025 visit that the facility is presently being used for training. *Ibid*.

As noted herein, the City's Complaint points to specific violations by Defendant, including Defendant's failure to obtain a CCO, electrical and plumbing construction performed without proper permits, and failure to have the elevators inspected or certified. There is enough information in the Complaint alone to constitute a short and plain statement of Plaintiff's claim that it should be entitled to inspect the Delaney Hall Facility in an emergent manner. As a result, Plaintiff's Motion for a more definite statement pursuant to *Rule* 12(e) should be denied.

**B.    The Affidavits Attached to the City's Complaint Are Part of the Complaint**

Exhibits attached may be considered part of a complaint when it's attached to the pleading, or incorporated by reference in the pleading. *DeLuca v. AccessIT Grp.*, Inc., 695 F. Supp. 2d 54, 59 (S.D.N.Y. 2010). Here, the Verified Complaint attached two affidavits as exhibits which support the allegations in the Complaint and provide additional details regarding the code violation: the affidavit of Dolores Martinez Wooden and Ketlen Alsbrook. The Wooden Affidavit states that "no Certificate of Continued [Occupancy] (CCO) was requested by the owner" in violation of N.J.A.C. 5:23-2.23. (ECF 15-6 at pgs. 25-26 ¶ 3-5). Her affidavit further reiterates the Complaint allegations and notes that they violate N.J.A.C. 5:23-2.14. *Id.* at pg. 26 ¶¶ 6-8. The Affidavit of Ketlen Alsbrook also echoes some of the aforementioned violations and identifies an additional violation, including a violation of N.J.A.C. 8:24. Affidavit of Ketlen Alsbrook (ECF 15-6 at pg. 30 ¶¶ 6-16). Additionally, once the case was moved to federal court, the Declaration of Gwendolyn Saleem was added to the previously mentioned affidavits which provides that GEO Group was previously served with the violations related to the elevator for failure to (1) Provide entry: N.J.A.C. 5:70-2.1(C); (2) Provide evacuation plan: N.J.A.C 5:70-3201.4; and (3) Provide a current elevator test report: N.J.A.C 5:70-917.1; and (4) Provide a generator test report: N.J.A.C. 1203.4.2.1. Declaration of Gwendolyn Saleem (ECF 15-2 at ¶¶ 6-7).

The Affidavits, which should be considered as part of the Complaint, along with the Declarations, confirm those violations and provide addition context as to the specific codes that were violated by Defendant. In considering the Affidavits in support of the Complaint, there is ample information for Defendant to be on notice of violations it has committed. Furthermore, Defendant references the Declarations referenced in the Complaint, as noted above, and the codes that they cite in Defendant's brief and (ECF 18, pgs. 27-28). Surely Defendant was on notice and cannot claim that it was vague or ambiguous. Therefore, Plaintiff's Motion for a more definite statement pursuant to *Rule* 12(e) should be denied.

Respectfully submitted,

*s/ Morrison Kent Fairbairn*

Morrison Kent Fairbairn, Esq.