**DAVIS WRIGHT TREMAINE LLP**
Geoffrey S. Brounell
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Tel:  (212) 489-8230
geoffreybrounell@dwt.com

*Attorneys for Defendant The GEO Group, Inc., incorrectly sued as GEO Re-Entry Group, LLC*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CITY OF NEWARK,<br><br>                              Plaintiff,<br><br>              - against -<br><br>GEO RE-ENTRY GROUP, LLC; ABC CORPS. (A FICTITIOUS COMPANY) 1-100,<br><br>                              Defendants. | No. 2:25-cv-02225-JKS-LDW<br><br>Motion Day:  May 5, 2025<br><br>**REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, ORDER A MORE DEFINITE STATEMENT** |

GEO respectfully submits and requests that this Court consider this reply memorandum of law in further support of its motion to dismiss, or in the alternative, order a more definite statement.  *See* ECF No. 9.

GEO's motion argued that ICE is a necessary party to this action because both prerequisites set forth in Rule 19(a)(1) are satisfied.  First, complete relief is not possible without ICE being made a party to the suit because ICE is the only party that can grant Newark the relief it seeks—i.e., entry to the Delaney Hall Facility to

conduct inspections. *See* ECF No. 9 at 12-14. The fact that ICE is the party that controls access to Delaney Hall is undisputed before this Court.[1] Second, ICE has an overwhelming interest in Delaney Hall and its operations, given that DHS, through ICE, is responsible for the detention of certain noncitizens pending the completion of removal proceedings or while awaiting removal. *See id.* at 14-20. The fact is similarly undisputed.

Newark's opposition addresses neither of these points. Rather, Newark makes a single argument: ICE is not a necessary party because the "GEO Group is not immune from suit." *See* ECF No. 30 at 2-4. **But GEO's immunity is irrelevant to the analysis**.[2] The Rule 12(b)(7) / Rule 19 analysis has three parts: (1) should ICE, the absent party, be joined; (2) if so, is joinder feasible; and (3) if not, should the case be dismissed. *See* ECF No. 9 at 10-26. For purposes of denying Newark's motion for a preliminary injunction, the analysis can stop at the first step—that ICE

---

[1] *See* ECF No. 2 ¶¶ 4-10 ("ICE exercises exclusive control over all access to secure portions of Delaney Hall." "All requests for access to the secure portions of Delaney Hall must obtain pre-clearance approvals from ICE[.]"); ECF No. 15-5 ¶¶ 18, 20 & Ex. D (includes representations from an ICE representative that the ICE Contract "giv[es] ICE oversight of the building" and that "ICE will review [Newark's] request and provide a reply as soon as practicable"); ECF No. 19 ("The contractor shall provide, install, and maintain a building access control system in all ICE and/or DOJ administrative space. The contractor shall provide the government administrative access and oversight role for system. The contractor shall comply with ICE security plans.").

[2] GEO's immunity argument was made in response to Newark's motion for a preliminary injunction—and is merely one of multiple reasons why Newark is unlikely to succeed on the merits of its claims. *See* ECF No. 18 at 14-20.

should be joined—because that conclusion alone is sufficient to demonstrate that Newark is not likely to succeed on the merits of its claims as currently pleaded. *Cf. Boat Basin Invs., LLC v. First Am. Stock Transfer, Inc.*, 2003 WL 282144, at *1 (S.D.N.Y. Feb. 7, 2003) ("In the absence of … a necessary party under Rule 19(a) of the Federal Rules of Civil Procedure, the merits may not be reached and a preliminary injunction may not be granted."). But for the reasons stated in GEO's motion, all three steps are satisfied here. *See generally* ECF No. 9. Newark apparently has no response to any of these arguments. The motion should therefore be granted for all of the reasons previously stated.

In the alternative, GEO argued that Newark must file a more definite statement pursuant to Rule 12(e). *See* ECF No. 9 at 26-29. Among other things, Newark is purporting to assert a cause of action for "Violation of City Code" without citation to an actual "City Code." Newark's separately filed opposition attempts to rehabilitate this defect by arguing that the various affidavits should be deemed part of the Complaint. *See* ECF No. 29 at 2. ***But this argument is contradicted by the very case cited by Newark***. In *DeLuca v. AccessIT Group, Inc.*, 695 F. Supp. 2d 54 (S.D.N.Y. 2010), the Court *refused* to consider an affidavit and exhibits as part of the pleading because the documents were not referenced or quoted in the complaint. *See id.* at 60. So too, here—the Complaint makes no reference to the affidavits filed with the Complaint. And as for the affidavits filed with Newark's motion for a

3

preliminary injunction, those can be rejected for a separate, additional reason explained in *DeLuca*—they "were not attached to the complaint." *Id.*

Accordingly, for all of the reasons previously stated, GEO respectfully requests that the Court grant its motion pursuant to Rule 12(b)(7) and Rule 19 and dismiss, or, in the alternative, order Newark to file a more definite statement pursuant to Rule 12(e).

Dated: April 23, 2025                    DAVIS WRIGHT TREMAINE LLP

By: */s/ Geoffrey S. Brounell*
    Geoffrey S. Brounell

1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
geoffreybrounell@dwt.com

Nicole Phillis (admitted *pro hac vice*)
Mark C. Burnside (admitted *pro hac vice*)
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071-3487
nicolephillis@dwt.com
markburnside@dwt.com

THE GEO GROUP, INC.

Scott A. Schipma (admitted *pro hac vice*)
Joseph Negron, Jr. (admitted *pro hac vice*)
4955 Technology Way
Boca Raton, FL 33431
scott.schipma@geogroup.com
jnegron@geogroup.com

*Attorneys for Defendant The GEO Group, Inc., incorrectly sued as GEO Re-Entry Group, LLC*