**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT NEW JERSEY**

| | |
|---|---|
| **CITY OF NEWARK,**<br><br>    **Plaintiff,**<br><br><br>    **v.**<br><br><br>**GEO RE-ENTRY GROUP, LLC and ABC CORPS. (A FICTITIOUS COMPANY) 1-100,**<br><br>    **Defendant.** | **Case No. 2:25-cv-02225-JKS-LDW** |

<u>**STATEMENT OF INTEREST BY THE UNITED STATES**</u>

The United States submits this Statement of Interest to address an admitted, aggressive, and legally unjustified effort by the City of Newark to interfere with federal immigration enforcement. *See* 28 U.S.C. § 517 (authorizing the Attorney General to attend to the interests of the United States as a non-party in a suit pending in any court of the United States). The United States has a strong interest in countering state and local efforts to harass federal contractors, in the proper application of the Constitution and its Supremacy Clause, and in the foundational principles that protect the Federal Government from unlawful state and local interference.

The City and its Mayor have vowed to prevent the reopening and operation of the Delaney Hall facility (an immigration detention facility), "[r]egardless of the process." City of Newark, *Mayor Ras J. Baraka's Statement on ICE Intention to Open Detention Center at Newark's Delaney Hall*, News & Updates (Feb. 27, 2025), https://tinyurl.com/39cb9fs8. Indeed, New Jersey elected officials have vowed to "fight like hell" and "fight to the death" against immigration enforcement in the state. Eric Kiefer, *ICE Detention Center In NJ Is First To Open Under Trump's New Term*,

Patch.com (Feb. 27, 2025, 12:30 PM, *updated* 10:20 PM), https://tinyurl.com/5h8bvz2k.[1] This case and the pending preliminary injunction motion represent just the latest tactic in that crusade, but both are fundamentally flawed.

## BACKGROUND

GEO was awarded a contract to provide United States Immigration and Customs Enforcement ("ICE") with secure residential support services and the exclusive use of the Delaney Hall facility in Newark, New Jersey. Delaney Hall is intended to house aliens ICE has arrested on probable cause to believe that they are removable from the United States under federal immigration law. Through its contracts, ICE requires that all facilities where such individuals are detained on its behalf adhere to certain standards and operate in accordance with certain specifications, including applicable Federal, state, and local laws.

From the moment GEO announced receipt of the ICE contract, Newark and other New Jersey officials have sought to prevents its opening, threatening to "padlock the building if necessary" to block its opening. *See* ECF No. 18, at 4–6 (quoting Steve Strunsky, *'We are all immigrants': Newark rallies against massive new ICE detention center*, NJ.com (Mar. 11, 2025 7:45 PM, *updated* Mar. 13, 2025 7:57 AM), https://tinyurl.com/mr29pr94).

The day after the mayor and other City representatives attempted to gain entry to the facility and were instructed that they would need to schedule an appointment with ICE, the City instead chose to file suit against GEO (not ICE) in state court. GEO promptly removed the case to this Court. ECF No. 1. GEO moved to dismiss because joinder of ICE would be both necessary and infeasible. ECF No. 9. Newark then moved for preliminary relief granting its agents access to the facility. ECF No. 15. The Court held a hearing on the preliminary injunction motion on April 17. ECF No. 22. And after the United States noticed its potential participation this week, ECF. No. 23, the Court entered an order requesting that the United States file any statement of interest no later than April 23 and that the statement address certain identified issues, ECF No. 27.

---

[1] Delaney Hall previously housed immigrants from 2011–2017, during which time Newark notably did *not* undertake to disrupt its operations at all costs.

On April 23, ICE advised GEO that the agency has approved a requested appointment for an inspection at Delaney Hall.

## DISCUSSION

First, the preliminary injunction motion should be denied because the City's asserted harm is reparable. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In particular, appointments needed to conduct necessary inspections will be authorized. ICE is prepared to schedule any needed inspection of Delaney Hall. Indeed, it is in the agency's interest to facilitate any steps necessary to permit opening the facility promptly. The City *never* needed injunctive relief against Defendant GEO for that to occur; it simply needed to schedule an appointment with ICE, as GEO told the City's representatives.

Second, this case should be dismissed. GEO has represented to ICE that all necessary permits have been received except for one and ICE is prepared to schedule any needed inspection to secure that final permit. If that inspection remains necessary, then this case will become moot once the inspection occurs (promptly). *Honig v. Doe*, 484 U.S. 305, 317 (1988). And if that inspection is not necessary to secure that final permit, then this case already is moot. *See id.* Either way, it is regrettable that the City has expended such significant judicial and party resources instead of going through the ordinary process of scheduling an appointment with ICE (as GEO instructed it to).

Third and fourth, the Court requested the government's position on two points: contractual obligations and joinder. As to the former, GEO has stated that it can and ICE expects the company to comply with the terms of the contract and ensure that the facility can appropriately, securely, and safely hold immigration detainees. That includes compliance with applicable Federal, state, and local building codes. And as to the latter, the Court need not and should not reach the issue of joinder because the case is or will soon become moot, for the reasons discussed above. If it did reach the issue, the government would oppose, and a fuller opportunity to brief the issue would be appropriate. Joinder under Rule 19 presents a longer road to the same destination as mootness (dismissal) because the government would assert sovereign immunity. *See Republic of Phil. v.*

*Pimentel*, 553 U.S. 851, 866-67 (2008). And joinder under Rule 20 would be inappropriate because the City has not asserted any right to relief against ICE, let alone one arising out of the same transaction, occurrence, or series thereof. *See* Fed. R. Civ. Proc. 20. Nor are the questions of ICE's sovereign immunity or internal processing of any appointment requests common to ICE and GEO. *See id.*

\*    \*    \*

At the end of the day, the City's rush to litigate (in this Court and in the media) the question of access to Delaney Hall belies its prioritization of politics over process. That process was available from the start, is coming to fruition, and will resolve the pending motion and case; they should be denied and dismissed, respectively.

Dated: April 23, 2025                          Respectfully submitted,

                                               YAAKOV M. ROTH
                                               Acting Assistant Attorney General
                                               Civil Division

                                               DREW C. ENSIGN
                                               Deputy Assistant Attorney General

                                               ANTHONY P. NICASTRO
                                               Acting Director
                                               Office of Immigration Litigation


                                                /s/ John J. W. Inkeles
                                               JOHN J. W. INKELES
                                               Chief, Affirmative Litigation Unit
                                               United States Department of Justice
                                               Civil Division
                                               Office of Immigration Litigation
                                               General Litigation & Appeals Section
                                               P.O. Box 878, Ben Franklin Station
                                               Washington, DC 20044
                                               Phone: (202) 532-4309
                                               Email: john.inkeles@usdoj.gov

                                               Attorneys for the United States

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee of the United States Department of Justice and is a person of such age and discretion as to be competent to serve papers.

That on April 23, 2025, he electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of the Parties:

**MICHAEL A. ARMSTRONG**
Michael A. Armstrong & Associates, LLC
79 Mainbridge Avenue
Willingboro, NJ 08046

**MORRISON KENT FAIRBAIRN**
Michael A. Armstrong & Associates, LLC
79 Mainbridge Avenue
Willingboro, NJ 08046

**GEOFFREY S. BROUNELL**
Davis Wright Tremaine LLP
1251 Avenue of the Americas
21st Floor
New York, NY 10020

/s/ John J. W. Inkeles
JOHN J. W. INKELES
Chief, Affirmative Litigation Unit
United States Department of Justice
Civil Division
Office of Immigration Litigation
General Litigation & Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4309
Email: john.inkeles@usdoj.gov