

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Geoffrey Brounell**
212.603.6404 tel

geoffreybrounell@dwt.com

May 6, 2025

*Via ECF*

The Honorable Jamel K. Semper
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re:     *City of Newark v. Geo Re-Entry Group, LLC*, Case No. 2:25-cv-02225-JKS-LDW

To the Honorable Jamel K. Semper:

I represent The GEO Group, Inc., incorrectly sued as GEO Re-Entry Group, LLC ("GEO"), in the above-captioned case. During a call held before the Honorable Leda Dunn Wettre on May 1, 2025, counsel for the City of Newark indicated that it intended to file a supplemental submission in further support of its motion for a preliminary injunction. Four days later, on May 5, 2025—at 11:58 p.m. EST—Newark filed a letter and two additional letter attachments. *See* ECF No. 47. The delay itself underscores the lack of emergency here. The submission also fails as a matter of law and fact. Newark's motion should be denied.

## I.     The submission fails as a matter of law.

As an initial matter, the submission must be summarily rejected, at least as it relates to Newark's pending motion. A party moving for a preliminary injunction must make its showing of irreparable harm through "specific facts in an affidavit or a verified complaint." Federal Rule of Civil Procedure 65(b)(1)(A); *see also, e.g.*, *Firmus Pharmacy, LLC v. Anschel*, 2017 WL 6000344, at *1 (D.N.J. Dec. 4, 2017) (denying motion for preliminary injunction, in part, based on movants failure to submit a verified complaint or affidavit supporting a finding of immediate and irreparable injury). Newark's submission—an unsworn document set forth in a letter signed by counsel, accompanied by two additional unsworn letters—therefore cannot be considered as a simple matter of applicable procedure. Newark gave itself nearly five days to comply with the correct procedure and failed to do so. The analysis must end here.

In any event, the submission also does nothing to address the legal defects in Newark's motion. As set forth in GEO's brief, there is no support in the law for granting a preliminary injunction for purported violations of city codes. *See* ECF No. 18 at 27-31; *see also* Transcript of April 17, 2025 Hearing at 43:15-16 ("I did not find any precedent to grant relief under circumstances such as these."). Newark failed to cite to a single case holding otherwise in its brief or during the hearing, and—unsurprisingly—it continues this trend in its supplemental submission, despite being given almost an additional month to locate relevant case law. Mere purported violations of the sorts of codes identified

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

The Honorable Jamel K. Semper
May 6, 2025
Page 2

by Newark cannot constitute the sort of irreparable harm necessary to justify the drastic remedy of a preliminary injunction.

Simply put: the supplemental submission does nothing to address the legal defects in Newark's motion. The motion for a preliminary injunction must therefore be denied for all of the reasons previously stated.

## II. The submission fails as a matter of fact.

Entirely separately, the submission also fails as a matter of fact. If the Court were to consider the additional facts set forth in the submission in connection with Newark's pending motion—and for the reasons just stated, it should not—GEO respectfully requests that the Court consider the full factual record, as set forth below and in the accompanying exhibits. Among other things: (1) GEO has addressed the vast majority of valid identified issues; (2) Newark is flat-out wrong on multiple points, such as Delaney Hall housing children and the Facility's occupancy limit; and (3) Newark appears to be in the process of granting its own preliminary injunction motion, by purporting to barricade entry into the Facility, contrary to this Court's warnings about interference with the "necessary role that the executive has in housing detainees." Transcript of April 17, 2025 Hearing at 50:8-13.

None of this favors granting Newark its requested emergency relief.

- **GEO's Response to April 30, 2025 Inspection Letter**

ICE granted Newark access to Delaney Hall to perform an inspection on April 25, 2025.[1] Following the inspection by nine separate city officials, Newark sent an April 30, 2025 inspection letter ("Inspection Letter"). *See Exhibit A—April 30 Filed Inspection Letter*; ECF No. 47-1. GEO immediately began to address the issues noted by the Inspection Letter. As of the date of this submission, GEO has either addressed or is in the process of addressing the identified issues. *See Exhibit B—Declaration of Richard Kent Long*. And as the Mayor of Newark concedes, "[t]hey weren't grave violations." Daniel Han, *ICE facility opens in New Jersey amid legal fight, city's mayor says*, Politico (May 5, 2025 4:37 PM), https://tinyurl.com/2s4hybtv. In any event, any purported harm posed by the code violations has been (or soon will be) ameliorated.

To that end, on May 2, 2025, a second Satisfactory Sanitation Inspection Report was provided to GEO by the New Jersey State Department of Health following the April 25, 2025 inspection. *See Exhibit C—Satisfactory Sanitation Inspection Reports*.

Further, the Inspection Letter failed to cite a single statute or applicable authority standing for the proposition that the Delaney Hall Facility was prohibited from opening until the issuance of a new Certificate of Occupancy ("CO"). Notably, Newark asserted a new CO was required because of "increase of the occupancy to 1000 beds." *See Exhibit A—April 30 Filed Inspection Letter*; ECF No. 47-1. This rationale for a new CO is contradicted by the undisputed facts and documents. The actual, existing CO is explicitly for "1196 persons." *See Exhibit D—Certificate of Occupancy*. Additionally,

---

[1] Newark officials were afforded ample time and notice to perform the April 25, 2025, inspection of Delaney Hall. The inspection started at 12:00 p.m., but all nine Newark officials left no later than 2:30 p.m.

The Honorable Jamel K. Semper
May 6, 2025
Page 3

the State of New Jersey Certificate of Registration issued in May of 2024 and effective through June of 2025 specifically states the use of Delaney Hall as "1,000 or more but fewer than 2,000 beds." *See Exhibit E—Filed Certificate of Registration.*

If Newark contends Delaney Hall is not able to open—which it has explicitly stated is its ultimate goal—GEO is entitled to due process, including administrative appeal rights because a new CO is not required. Delaney Hall has been in continuous use since 2007 and its use has not changed. The Facility has always housed individuals in custody.

Importantly, there are no citations to appeal rights or other legal references upon which the letter relies in support of Newark's claim that Delaney Hall is not able to open. The Inspection Letter is merely a hurried and bungled attempt by Newark to create confusion and doubt despite the fact that Delaney Hall is currently being occupied by ICE staff and detainees.

- **GEO's Response to May 5, 2025 Amended Inspection Letter**

At 10:15 p.m. on May 5, 2025, Newark official emailed Delaney Hall Facility Administrator Esker "Lee" Tatum a letter from Newark dated May 5, 2025 ("Amended Inspection Letter"). *See* ECF No. 47-2. The Amended Inspection Letter is merely an amended version of the April 25, 2025, Inspection Letter. *See Exhibit F—May 5 Amended Inspection Letter*. It adds comments and statutory and code citations in bold typeface to the Inspection Letter.

As to the newly added information, GEO has yet to receive the purported "violation for working without a permit," a phrase that appears twice in bolded typeface in the letter. *Id*. The Amended Inspection Letter marks the first time GEO was made aware of any claimed underlying legal support for Newark's claims.

As indicated in both the Inspection Letter and Amended Inspection Letter, GEO is working with an elevator vendor and that elevator vendor has made efforts to schedule the appropriate inspection by Newark. These efforts date back to January 2025. *See Exhibit G—Vendor Elevator Report and Emails*. Despite these examples of outreach, Newark has ignored such efforts and has waited until the opening of the Facility to take issue with the need for an elevator inspection.

While the nine Newark officials were at the Facility on April 25, 2025, an offer was made to schedule the inspection that very day. Newark officials declined, however, noting that such an inspection would need to be scheduled at a future date.

Newark's argument with respect to the Certificate of Continued Occupancy ("CCO") or CO continues to change. Newark now contends that either a CCO *or* CO *may* be required. *See Exhibit F—May 5 Amended Inspection Letter*.

Moreover, the claim that the Facility is housing children is patently false. The contract between GEO and ICE confirms that the Facility is not contracted to detain children.

The Honorable Jamel K. Semper
May 6, 2025
Page 4

Nothing in the existing and valid CO or Certificate of Registration restricts the facility to housing only a particular gender. *See Exhibits D and E.* Additionally, the facility has been in continuous operation since 2007.

- **May 5, 2025 Mayoral Press Conference and Attempted Access**

On Monday morning, May 5, 2025, Newark's mayor Ras Baraka hosted a press conference "slamm[ing]" the opening of the Facility. *See* Arya Sundaram, *ICE opens new immigrant detention center in Newark, riling Mayor Baraka*, Gothamist (May 5, 2025, modified May 5, 2025), https://tinyurl.com/4kmhzh5s. During the press conference, and without requesting access through ICE, Newark fire officials arrived at Delaney Hall requesting immediate access. They were advised they would need to contact ICE to schedule a visit—as was required (and has Newark has done) in the past.[2] To further address any concerns regarding fire safety, GEO sent a responsive letter to Newark regarding alleged fire safety deficiencies, all of which were abated no later than April 25, 2025. *See Exhibit H—Letter to Gwen Saleem with Exhibits.*

- **May 6, 2025 Newark's Unauthorized Access and Attempted Blockade**

On May 6, 2025, Newark took matters into its own hands and attempted to blockade the Facility's entrance. Specifically, this morning, Mayor Baraka staged a demonstration outside of the Facility, limiting access with the use of Newark vehicles. *See* Tracey Tully and Luis Ferré-Sadurní, *Tense Standoff at New ICE Detention Center as Mayor Joins Protest,* N.Y. Times (May 6, 2025), https://tinyurl.com/4uanavfd. During this event, Mayor Baraka also bypassed perimeter security of the Delaney Hall Facility, entering into two secure areas without authorization. *See* Zach Blackburn, *Baraka demands access to ICE facility as occupancy dispute simmers*, N.J. Globe (May 6, 2025), https://tinyurl.com/3x3uyh6x.

In other words: Newark is fulfilling its promise to shut down Delaney Hall "***regardless of the process***," City of Newark, *Mayor Ras J. Baraka's Statement on ICE Intention to Open Detention Center at Newark's Delaney Hall*, News & Updates (Feb. 27, 2025), https://tinyurl.com/39cb9fs8 (emphasis added), ignoring the Court's warning against these types of tactics. *See* Transcript of April 17, 2025 Hearing at 50:8-13 ("Regardless of how the court rules with respect to this preliminary injunction, it does not appear, or I will say, the court has no interest in being party to an attempt to flummox, impede, or obstruct the necessary role that the executive has in housing detainees.").

Newark appears to want to grant its own preliminary injunction motion, rather than await the Court's decision.

*  *  *

---

[2] Two Newark fire officials were at the April 25, 2025 inspection.

The Honorable Jamel K. Semper
May 6, 2025
Page 5

For all of these reasons, as well the ones identified in the GEO's papers opposing the motion for a preliminary injunction, GEO respectfully requests that the Court deny Newark's motion.

Respectfully Submitted,

Davis Wright Tremaine LLP

*s/ Geoffrey S. Brounell*

CC:    All counsel of record (*via ECF*)